IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA      *
                              *
v.                            *       CR 497-182
                              *
THOMAS BRYANT, JR.            *

**O R D E R**

Before the Court is Defendant's motion for the issuance of a certificate of appealability ("COA"). (Doc. 266.) The history of this matter is set forth in the Court's Order denying Defendant's motions to reopen the habeas proceedings and to reduce sentence. (Oct. 3, 2019 Order, Doc. 263, at 1-2.) Defendant filed his notice of appeal and request for certificate of appealability only as to the denial of his motion for compassionate release (Doc. 259). (See Order Denying Compassionate Release, Doc. 261; Mot. Requesting COA, Doc. 266; Notice of Appeal, Doc. 265.)

**I. MOTION FOR RECONSIDERATION**

In passing, Defendant asks the Court to reconsider its Order denying Defendant's motion for relief under 18 U.S.C. § 3582(c). (Mot. Requesting COA, at 3.) Defendant omits any citation to a rule under which he seeks reconsideration. This omission is likely due to the fact no such rule exists governing reconsideration of Defendant's motion. Liberally construing his pro se motion,

however, the Court analyzes the possible rules Defendant seeks to invoke.

First, the Eleventh Circuit has held that a motion for a modification of sentence pursuant to section 3582(c) is a continuation of a criminal case and not a civil post-conviction action. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam). Therefore, Federal Rules of Civil Procedure governing reconsideration are inapplicable here to the extent Defendant attempts to summon them. United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013) (per curiam) (citing United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam)).

On the other hand, "no statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." Id. Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). For a criminal motion for reconsideration to be timely, however, it must be filed within the period of time permitted to file a notice of appeal. United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir. 1992) (per curiam). Following entry of a criminal order, the Federal Rules of Appellate Procedure allow a defendant fourteen days to file a notice of appeal assuming the Government does not first file a notice of appeal. FED. R. APP. P. 4(b)(1)(A).

2

Here, the Court entered the Order Denying Compassionate Release on October 2, 2019. Therefore, for Defendant's motion for reconsideration to be timely, it had to be filed on or before October 16, 2019. "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (per curiam) (citing Fed. R. App. P. 4(c)). A prisoner's motion is presumed delivered on the day it is signed unless the record contains evidence suggesting otherwise. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Defendant signed the present motion on October 18, 2019, after the October 16, 2019 deadline. No other evidence suggests Defendant provided the motion to prison authorities before that date. Consequently, Defendant's motion, to the extent it is a motion for reconsideration, is untimely and due to be denied.

Even if Defendant's motion was timely and the Court assumes its authority to reconsider its Order Denying Compassionate Release, Defendant's motion fails. The Court found no justification for compassionate release in its Order denying the motion. (Order Denying Compassionate Release.) In the present motion, Defendant argues that the Court entered its Order prior to

receiving the Defendant's reply brief.[1] (Mot. for COA, at 2.) Defendant's reply brief offers no new compelling reason meriting a modification of his sentence. (Doc. 264.)

## II. MOTION FOR COA

Defendant contends the Court erred in denying his motion pursuant to 18 U.S.C § 3582(c)(1)(A)(i) for a modification of his sentence for extraordinary and compelling reasons. (Mot. for COA.) Several courts within the Eleventh Circuit have concluded a certificate of appealability is not required for review of a denial of a motion pursuant to 18 U.S.C. § 3582(c). See, e.g., United States v. Montor-Torres, Nos. 5:10cr39-RH/EMT, 5:16cv242-RH/EMT, 2016 WL 9240626, at *1 (N.D. Fla. Oct. 8, 2016) ("[A] defendant may appeal the denial of a § 3582(c) motion without a certificate of appealability."); United States v. Thercy, No. 3:98cr126/LAC, 2009 WL 3418250, at *1 (N.D. Fla. Oct. 20, 2009) (collecting cases establishing no requirement to obtain a COA to appeal the denial of a section 3582(c) motion); Lowe v. United States, 5:98-CR-104(WDO), 2007 WL 41951, at *1 (M.D. Ga. Jan. 4, 2007) ("[A] COA is not necessary to the appeal of a motion filed pursuant to 18 U.S.C. 3582(c)."). Additionally, to the extent a COA is required,

---

[1] The Court had no obligation to review Defendant's reply brief. Under Local Criminal Rule 1.1, Local Civil Rule 7.6 supplements the Local Criminal Rules. Local Civil Rule 7.6 mandates that "[a] party intending to file a reply brief shall immediately so notify the Clerk." Defendant failed to provide notice of his intent to file a reply brief.

4

Defendant made no substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). For these reasons, Defendant's motion for the issuance of a COA is denied.

### III. NOTICE OF APPEAL

Although Defendant's filing constitutes an unnecessary request for a COA and an untimely motion for reconsideration, the Court liberally construes the filing as a notice of appeal. (Cf. Notice of Appeal.)

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion for the issuance of a COA (Doc. 266) is **DENIED** and, to the extent the *pro se* filing is also a motion for reconsideration, the motion for reconsideration is **DENIED**. The filing is interpreted as Defendant's notice of appeal (cf. Doc. 265) from the Court's Order Denying Compassionate Release (Doc. 261).

**ORDER ENTERED** at Augusta, Georgia, this 27th day of January, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA