IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
UNITED STATES OF AMERICA      *
                              *
    v.                        *     CR 497-182
                              *
THOMAS BRYANT, JR.            *
```

O R D E R

On October 2, 2019, this Court denied Defendant Thomas Bryant, Jr.'s motion for compassionate release under 18 U.S.C. § 3582(c). (Doc. 261.) On October 24, 2019, Bryant, who was proceeding pro se at the time, filed a request for the issuance of a Certificate of Appealability ("COA"). The Court liberally construed Bryant's October 24, 2019 filing as a Notice of Appeal to the Eleventh Circuit Court of Appeals. As a Notice of Appeal, however, the filing was untimely. It was signed and mailed two days after the deadline to appeal, which was October 16, 2019. For this reason, the Eleventh Circuit remanded the case to this Court for a determination of whether Bryant can establish excusable neglect or good cause to file a late Notice of Appeal. (See United States v. Bryant, Case No. 19-14267 (11th Cir. Oct. 24, 2019), Order of March 25, 2020 (concluding that Bryant's October 24, 2019 filing should have been construed as a motion for extension of time to appeal

under Federal Rule of Appellate Procedure 4(b)(4)), docketed here at Doc. 271.)

On April 7, 2020, Bryant, through counsel, filed a motion for a finding of excusable neglect or good cause. Attached to the motion is Bryant's declaration that he did not receive the Order of October 2, 2019, denying his motion for compassionate release, until October 17, 2019, and that he promptly mailed his COA motion the next day. (See Decl. of Thomas Bryant, Jr., Doc. 273.) In opposition, the Government points out that this averment is at odds with a statement in his COA motion which indicates that Bryant was aware of the Court's October 2, 2019 Order on October 15, 2019 if not earlier.

To determine excusable neglect or good cause under Federal Rule of Appellate Procedure 4(b)(4), a court should consider the following four factors: (1) the danger of prejudice to the nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Advanced Estimating Sys. Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (cited source omitted) (holding this standard applicable to the term "excusable neglect" in Federal Rule of Appellate Procedure 4(a)(5) applicable to civil cases). Here, the Court need not determine the exact date that Bryant received the service copy of the October

2, 2019 Order because of Bryant's demonstrated earnestness with which he has attempted to prosecute his appeal. Moreover, there is no danger of prejudice to the Government, and there is no evidence that Bryant is acting in bad faith. Finally, giving Bryant the benefit of the doubt, it appears that the prison mailing system hindered his ability to file a timely notice of appeal. For these reasons, the Court determines that Bryant has established excusable neglect or good cause under Federal Rule of Appellate Procedure 4(b)(4) warranting an extension of time to file a notice of appeal.

Upon the foregoing, Defendant Bryant's motion for a finding of excusable neglect or good cause (doc. 273) is hereby **GRANTED**. Thus, the Notice of Appeal filed on October 24, 2019 (doc. 265) is deemed timely filed.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of April, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA