U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JUN 4 2026

FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA     *

       *

    v.                   *       CR 497-182

       *

THOMAS BRYANT, JR.        *

**O R D E R**

Defendant Thomas Bryant, Jr. is a former police officer in Savannah, Georgia, who was convicted by a jury of the following counts arising out of an FBI sting in 1994: three counts of conspiracy to distribute cocaine; one count of possessing cocaine with intent to distribute; one count of receiving stolen firearms; one count of selling firearms to a drug addict; and two counts of using or carrying a firearm during a drug-trafficking offense under 18 U.S.C. § 924(c). On January 28, 1998, Defendant was sentenced to a life term on the first six offenses with a consecutive 300-month term for the two § 924(c) counts.[1] In 2015, Defendant was resentenced; his life sentence became 292 months, but the 300-month consecutive sentence for the two § 924(c) firearm offenses remained in place.

---

[1] The 300-month term includes a sixty-month sentence and a consecutive twenty-year sentence (the penalty at the time of his conviction) for his second or subsequent § 924(c) offense.

On December 21, 2018, Congress enacted the First Step Act of 2018 ("FSA"), which amended 18 U.S.C. § 924(c)(1)(C) to prohibit the imposition of consecutive mandatory minimum sentences for convictions resulting from a single prosecution – the FSA's "anti-stacking provision." The anti-stacking provision was not made retroactive to those who had already been sentenced.

On November 1, 2023, the United States Sentencing Commission amended its Policy Statement governing the use of the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A). The Policy Statement, U.S.S.G. § 1B1.13, now provides that an unusually long sentence may constitute an extraordinary and compelling reason to reduce an imposed sentence. This provision states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Seizing upon these changes, Defendant filed a motion for compassionate release, arguing that his sentence is unusually long and the FSA's anti-stacking provision created a gross disparity between his original sentence and the one he would receive if sentenced today. The United States Supreme Court's recent decision

2

in Rutherford v. United States, 608 U.S. ---, 2026 WL 1485535 (May 28, 2026), expressly forecloses Defendant's argument. The Rutherford Court explained that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling reason that warrants a sentence reduction." 2026 WL 1485535, at *6 (quotation marks and cite omitted). Thus, "Congress's nonretroactive change to § 924(c) – considered by itself or in combination with other factors – cannot make a prisoner eligible for compassionate release." Id. at *10.

Defendant also notes that he was originally sentenced prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which rendered the United States Sentencing Guidelines advisory. Defendant argues that the sentencing court could have otherwise departed or varied from the mandatory guideline range. The Court concludes, however, that any disparity occasioned by a comparison of pre-Booker and post-Booker sentencings is not only highly speculative but neither extraordinary nor compelling as those terms are defined and considered in Rutherford. See 2026 WL 1485535, at **7-8.

In short, Defendant has not asserted an extraordinary and compelling reason to support compassionate release based on the FSA's sentencing change to § 924(c) or the issuance of the Booker decision.

3

Defendant also contends that he is entitled to compassionate release under U.S.S.G. § 1B1.13(b)(5) - the "catch-all" provision. Defendant alleges that he was subjected to a "trial penalty" in putting the Government to its burden of proof by not entering into a plea agreement. To the extent that Defendant is challenging the fairness of the prosecution against him, his argument is one challenging the validity of his conviction. As he argues, his sentence is fundamentally unfair because once he rejected the Government's plea offer, it chose to go forward with multiple and stacked § 924(c) charges. The remedy for this perceived injustice would be to invalidate the § 924(c) convictions, not to simply reduce prison time. Accordingly, Defendant's challenge here amounts to a collateral attack on the validity of his conviction and sentence even if he is not seeking to vacate his conviction. The Supreme Court addressed similar circumstances in a case issued on the same day as Rutherford. In Fernandez v. United States, 608 U.S. ---, 2026 WL 1485476 (May 28, 2026), the Supreme Court held: "Challenging the validity of a conviction through a compassionate release motion circumvents the exacting requirements of [28 U.S.C.] § 2255." Id. at *6 (footnote omitted). Thus, the compassionate release provision of § 3582(c)(1)(A) is the wrong vehicle for Defendant's trial penalty argument.

Upon the foregoing, Defendant Bryant's motion for compassionate release (doc. 286) is **DENIED**.

4

ORDER ENTERED at Augusta, Georgia, this ____4th____ day of June, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA